IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHNNY L. OLIVER, III, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:21-cv-1415-G-BN |
| | § | |
| KAUFMAN COUNTY TEXAS, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Johnny L. Oliver, III bring this *pro se* civil action against Defendant Kaufman County related to criminal convictions he obtained there. *See* Dkt. No. 3. And Senior United States District Judge A. Joe Fish referred Oliver's civil case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Oliver's exact allegations are difficult to decipher. That said, all but three of the 38 pages of his complaint are just records from the state criminal proceedings. The undersigned therefore finds that Oliver's civil claims plausibly challenge the adequacy of proceedings that resulted in his criminal convictions, convictions that have not been declared invalid, which subjects his civil claims to the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). *See McDonough v. Smith*, 139 S. Ct. 2149, 2157 (2019) (*Heck*'s "favorable-termination requirement" "applies whenever 'a judgment in favor of the plaintiff would necessarily imply' that his prior conviction or sentence was invalid." (quoting *Heck*, 512 U.S. at 487)); *Colvin v. LaBlanc*, 2 F.4th 494, 499

(5th Cir. 2021) ("Pursuant to *Heck*, the primary question here is whether success on Colvin's claims would necessarily implicate the validity of his conviction or confinement.").

Under the *Heck* rule, "factual allegations [that] are necessarily inconsistent with the validity of [a] conviction" that a plaintiff fails to show has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court should be dismissed. *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006) (cited in *Bush v. Strain*, 513 F.3d 492, 498 n.14 (5th Cir. 2008)); *see also Magee v. Reed*, 912 F.3d 820, 822 (5th Cir. 2019) (per curiam) ("In *Heck*, the Supreme Court held that if a plaintiff's civil rights claim for damages challenges the validity of his criminal conviction or sentence, and the plaintiff cannot show that such conviction or sentence has been reversed, invalidated, or otherwise set aside, the claim is not cognizable under [42 U.S.C.] § 1983." (citing *Heck*, 512 U.S. at 486-87)).

That is, "[a] § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (citation omitted)).

Courts often refer to a claim subject to this rule as being *Heck* barred. But, more accurately, a claim subject to the rule in *Heck* has yet to accrue. *See Colvin*, 2 F.4th at 498-99 (*Heck* "based its holding on the 'hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments,' and analyzed when and how a § 1983 cause of action accrues." (footnote

omitted)); *see, e.g., Cook v. City of Tyler, Tex.*, 974 F.3d 537, 538-39 (5th Cir. 2020) (per curiam) ("Plaintiff filed this § 1983 claim to recover damages suffered from a series of alleged wrongful prosecutions, convictions, and imprisonment. But because Cook's conviction has yet to be formally terminated in his favor, his causes of action concerning serious official misconduct have not yet accrued and will not begin to accrue until the Texas Court of Criminal Appeals … vacates his conviction and the State dismisses the indictment against him." (citation and footnote omitted)).

In sum, because success on Oliver's civil allegations would necessarily implicate the validity of convictions that have yet to be terminated in his favor, the civil claims have yet to accrue and should be dismissed as frivolous at this time.

## Recommendation

The Court should dismiss this action without prejudice, as Plaintiff Johnny L. Oliver, III's civil claims are currently subject to the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: August 17, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE